**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER LIAKOPOULOS, | |
| Plaintiff, | |
| v. | No. 24 C 7781 |
| EMMET WELCH, et al., | Judge Jorge L. Alonso |
| Defendants. | |

**FORMER STATE'S ATTORNEY'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendant Kimberly M. Foxx (the "former State's Attorney"), by her attorney, Eileen O'Neill Burke, State's Attorney of Cook County, through Assistant State's Attorneys Joseph A. Hodal and Miguel E. Larios, and pursuant to Fed. R. Civ. P. 12(b)(6), hereby request this Court dismiss Plaintiff's complaint (dkt. 1) in its entirety. In support of this motion, the former State's Attorney asserts the following:

**INTRODUCTION**

Plaintiff Christopher Liakopoulos' ("Plaintiff") lawsuit stems from his arrest, indictment, and prosecution arising out of a shootout in the Pilsen neighborhood of Chicago involving Plaintiff, CPD Officer Ruben Reynoso ("Officer Reynoso"), and two other individuals – Miguel Medina and a minor identified as A.A. (*See generally* dkt. 1, at ¶¶ 10-54). During this incident, Plaintiff and Officer Reynoso opened fire on the two individuals striking Medina, while A.A. fled after shooting back. (*Id.*). Medina was unarmed. *See* CBS News, *Judge acquits two Chicago police officers charged in 2022 shooting of unarmed man*, https://www.cbsnews.com/chicago/news/police-

officers-christopher-liakopoulos-ruben-reynoso-acquitted-shooting-miguel-medina/ (Sept. 28, 2023). Plaintiff was later indicted by a grand jury for aggravated battery for discharging a firearm causing great bodily harm, aggravated discharge of a firearm, official misconduct based upon an aggravated battery, and official misconduct based on aggravated discharge. (Dkt. 1 at ¶ 50). Plaintiff was found not guilty of the charges following a bench trial. (*Id*. at ¶ 54).

The complaint contains the following counts:

| | |
|---|---|
| Count I | Deprivation of Liberty, 42 USC § 1983 – Janicki and McCarthy |
| Count II | Deprivation of Liberty, 42 USC § 1983 – Foxx |
| Count III | Deprivation of Liberty, 42 USC § 1983 – Welch |
| Count IV | Failure to Intervene, 42 USC § 1983 – Welch, Janicki, McCarthy, Foxx |
| Count V | Conspiracy to Violate Constitutional Rights, 42 USC § 1983 – Welch, Janicki, McCarthy, Foxx |
| Count VI | Illinois Malicious Prosecution – Welch |
| Count VII | Illinois Malicious Prosecution – Janicki, McCarthy, Foxx |
| Count VIII | Illinois IIED – Welch |
| Count IX | Illinois IIED – McCarthy, Janicki, Foxx |
| Count X | Illinois *Respondeat Superior* – City of Chicago |
| Count XI | Illinois Indemnification – City of Chicago |
| Count XII | Illinois Indemnification – County of Cook |

Here, the former State's Attorney is absolutely immune from civil liability against all federal and state law claims against her. *See, e.g. Hobbs v. Cappelluti,* 899 F. Supp. 2d. 738, 769 (N. D. Ill. 2012). Additionally, counts II, IV, V, VII, and IX should be dismissed because Plaintiff fails to state a plausible claim for relief.

## BACKGROUND

Plaintiff's complaint stems from his arrest, indictment, and criminal prosecution stemming from shooting that occurred near 18th Street and Morgan in Chicago on July 22, 2022. (*See generally d*kt. 1). On that day, Plaintiff was driving an

unmarked vehicle along 18th Street with Officer Reynoso. (*Id.* at ¶¶ 10-11). Reynoso and Plaintiff observe two individuals walking on the sidewalk, and they stop to speak with the individuals. (*Id.* at ¶¶ 13-14). Plaintiff saw one of the individuals holding a weapon, and "[w]ithin split seconds" he and Reynoso discharged their weapons. (*Id* at ¶¶ 20-23). One of the individuals, Medina, was injured by the gunfire. (*Id.* at ¶ 25). The other individual, A.A., fled the scene after exchanging gunfire with Plaintiff and Reynoso. (*Id.* at ¶ 28). On September 15, 2022, Plaintiff was charged in a criminal complaint with aggravated battery, aggravated discharge, and official misconduct. (*Id.* at ¶ 41). On October 27, 2022, Plaintiff was indicted by a grand jury charging him with aggravated battery for discharging a firearm causing great bodily harm, aggravated discharge of a firearm, official misconduct based upon an aggravated battery, and official misconduct based on aggravated discharge. (*Id.* at ¶ 50). Plaintiff was relieved of his duties following his arrest. (*Id.* at ¶ 53). Plaintiff was found not guilty following a bench trial on September 28, 2023. (*Id.* at ¶ 53). This lawsuit followed.

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not the merits of the case. *See* Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). To meet Rule 12(b)(6) pleading requirements, a plaintiff's complaint must "state a claim to relief that is plausible on its face." *McCauley v. City of Chi.,* 671 F.3d 611, 615 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). "It is by now well established that a plaintiff must do

3

better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

The Supreme Court in *Iqbal* set forth a two-prong inquiry for reviewing 12(b)(6) dismissals. *First*, pleadings consisting of conclusory allegations are not accepted as true when reviewing the complaint's sufficiency. This includes conclusory statements "couched" as factual allegations, and recitations of the elements. *Second*, after excising the conclusory allegations from the complaint, any well-pled factual allegations are accepted as true, and the Court must determine whether the remaining well-pled facts "plausibly give rise to an entitlement to relief." *Iqbal* at 679. Additionally, "[l]itigants may plead themselves out of court by alleging facts that establish defendant's entitlement to prevail." *Bennett v. Schmidt,* 153 F.3d 516, 519 (7th Cir. 1998), and a court is not required to ignore facts set forth in the complaint that undermine the plaintiff's claims. *Scott v. O'Grady,* 975 F.2d 366, 368 (7th Cir. 1992).

# ARGUMENT

**I. Plaintiff's Allegations Against the Former State's Attorney Are Conclusory and Implausible on Their Face and Do Not Allege Facts Regarding Her Personal Involvement.**

The entirety of Plaintiff's allegations against the former State's Attorney consists of the following:

- She was the State's Attorney during the relevant time period. (Dkt. 1, at ¶ 6).
- She approved the filing of the charges against Plaintiff. (*Id.* at ¶ 51).
- She approved the presentation of the case before the grand jury. (*Id.*)

After removing the improper rhetoric and conclusions, Plaintiff's allegations here leave no basis for a plausible claim upon which relief can be granted against the former State's Attorney individually. As noted above, Plaintiff fails to allege any specific facts outlining the former State's Attorney's individual conduct, her actions, or her role. (*See generally* dkt. 1). The complaint is devoid of any specific allegations describing the former State's Attorney's conduct and merely makes conclusory allegations about her knowledge or other individuals reporting to her; and therefore, it is impossible to know what conduct is alleged to have violated Plaintiff's rights.

"Details about who did what are not merely nice-to-have features of an otherwise-valid complaint; to pass muster under Rule 8 of the Federal Rules of Civil Procedure, a claim to relief *must* include such particulars." *Atkins v. Hasan,* 2015 U.S. Dist. LEXIS 80176, *7 (N.D. Ill. 2015) (emphasis in original). Plaintiff's complaint lacks the necessary details regarding the role that the former State's Attorney herself was alleged to have had in the Plaintiff's arrest, charging, and

5

prosecution; and therefore, it should be dismissed with prejudice. In the absence of absolute immunity argued below, Plaintiff's claims against the former State's Attorney fail under those pleading requirements set forth in Fed. R. Civ. P. 8 and Fed. R. Civ. P. 10. Equally, the allegations are conclusory and implausible on its face. In other words, even in the absence of immunity, Plaintiff's claims are improperly group pled, and that which is pled with specificity, are still insufficient.

To the extent Plaintiff alleges that the former State's Attorney was involved in any of the misconduct, those allegations should be dismissed for failure to satisfy Rule 8's pleading requirements. To state a claim under § 1983 or Illinois state law, a plaintiff must allege facts sufficient to demonstrate that a particular defendant was personally involved in the deprivation of plaintiff's rights. *Bank of Am. V. Knight,* 725 F. 3d 815, 818 (7th Cir. 2013) (holding that a plaintiff must give notice such that "[e]ach defendant…know[s] what he or she did that is asserted to be wrongful," even for conspiracy allegations); *Swanson v. Citibank,* 614 F.3d 400, 404 (7th Cir. 2010) (stating that to survive a Rule 12(b)(6) motion, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together"). Allegations that "defendants" [or "Defendant Officers"] committed some act, "without any details about who did what…is inadequate" under *Iqbal* and *Twombly,* and "does not propound a plausible contention that a particular person did anything wrong." *Knight,* 725 F.3d at 818. Accordingly, any "complaint based on a theory of collective responsibility must be dismissed." *Id.*

6

Further, Plaintiff improperly collectively incorporates defendants Janicki, McCarthy, with the former State's Attorney in Counts IV, V, VII, and IX in the following: "[a]s a result of Defendants' misconduct" (dkt. 1, at ¶¶ 90, 93, 115) or "[a]s a direct and proximate result of the Defendants' actions," (*id*. at ¶ 107). Stripped of the conclusory allegations, we are left with the fact that Kimberly M. Foxx was the Cook County State's Attorney when Plaintiff was arrested, charged, and prosecuted for criminal offenses, and that is it. There are no additional facts specifically attributing wrongful conduct to the former State's Attorney herself, and accordingly, all allegations against her must be dismissed.

## II. The Former State's Attorney Is Entitled to Absolute Prosecutorial Immunity.

The claims against the former State's Attorney here are barred by absolute immunity. It is well settled that prosecutors, including the duly elected State's Attorney, are absolutely immune from suits for damages related to their initiation and presentation of the state's case. *Imbler v. Patchman,* 424 U.S. 409, 431 (1976). "[A]bsolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Smith v. Power,* 346 F. 3d. 740, 742 (7th Cir. 2003). The policy served is "concern that harassment by unfounded litigation" could "cause a deflection of the prosecutor's energies form his public duties" and lead him to shade his decisions instead of exercising the independent judgement required by the public trust." *Imbler,* 424 U.S. at 423. The *Imbler* court held that whether or not an action falls within the scope of his prosecutorial duties is determined by its function. *Id.* The *Imbler* court recognized

7

that the "duties of a prosecutor in his role as advocate for the State involves actions preliminary to the initiation of a prosecution," and "decisions on a wide variety of sensitive issues" including "questions of whether to present a case to a grand jury, whether to file an information, whether and when to prosecute…" *Id.* at 431, n.33. Furthermore, "[p]reparation, both for the initiation of the criminal process and for a trial, may require obtaining, reviewing, and evaluating evidence." *Id.* The Court observed in *Imbler* that an out-of-court "effort to control the presentation of [a] witness' "testimony" is entitled to absolute immunity." *Id.* at 430, n.32.

For purposes of absolute immunity, it is irrelevant whether the protected parties acted negligently, with malice, or in bad faith. *Bradshaw v. DeGand,* 1992 U.S. Dist. LEXIS 911, *4 (N.D. Ill. Jan. 30, 1992) (Conlon, J.) (citing *Stump v. Sparkman,* 435 U.S. 349, 356 (1978) (absolute immunity for the judiciary precludes civil actions, even when a judge acts in bad faith)). When considering an immunity defense, a court should focus on the conduct for which immunity is claimed, not the harm that that the conduct allegedly caused or the question of whether it was lawful. *Buckley v. Fitzsimmons,* 509 U.S. 259, 271 (1993). Immunity is immune from suit, not merely a defense to liability. *See, e.g., Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985) (discussing qualified immunity).

In *Fields v. Wharrie,* 672 F. 3d 505 (7th Cir. 2012), after the plaintiff's murder conviction was reversed and he was granted a certificate of innocence, he sued several prosecutors involved in his criminal prosecution. The Seventh Circuit held in *Fields* that a prosecutor is absolutely immune from suit for all actions and decisions in

8

furtherance of their prosecutorial duties and found that absolute immunity extends beyond and individual prosecutor's decision to indict or try a case. *Fields,* 672 F.3d at 509.

When "determining whether particular actions of government officials fit within a common-law tradition of absolute immunity, or only the more general standard of qualified immunity, [courts] have applied a functional approach,' "looking to the "nature of the function performed, not the identity of the actor who performed it." *Smith v. Burge,* 222 F. Supp.3d 669, 694 (N.D. Ill. 2016) (citing *Buckley,* 509 U.S. at 269). When considering a prosecutor's function, a significant factor is whether probable cause to arrest plaintiff existed. *Hill v. Coppelson,* 627 F.3d 601, 605 (7th Cir. 2010) (citing *Buckley,* 509 U.S. at 274). Once probable cause exists to arrest a plaintiff, a prosecutor can consider herself to an advocate for the State. *Id.*

Prosecutors are entitled to absolute immunity under Illinois law as well. In evaluating whether a prosecutor is entitled to absolute immunity under Illinois law, Illinois courts have mirrored the Supreme Court's pronouncement in *Imbler. See. e.g., White v. City of Chicago,* 369 Ill. App. 765 (1st Dist. 2006). Moreover, courts in this District have consistently applied the analysis in *Imbler* to state law claims of malicious prosecution and conspiracy. *See, e.g., Harris v. City of Chicago,* No. 14 C 4391, 2015 WL 1331101, *7 (N.D. Ill. Mar. 19, 2015) (dismissing both federal and state law claims on absolute immunity grounds).

Here, Plaintiff alleges that the former State's Attorney approved the filing of charges against Plaintiff and approved the presentation of the case against Plaintiff

9

before the grand jury. (Dkt. 1, at ¶ 51). In his complaint however, Plaintiff alleges that Assistant State's Attorneys Janicki and McCarthy conspired with one another and "wilfully [sic] presented deceptive and misleading evidence to the Grand Jury…with the intent to cause a Bill of Indictment to be returned against the Plaintiff, thus compelling the Plaintiff to stand trial and defend charges for which there was no probable cause." (Dkt. 1, at ¶ 60). Thus, based on Plaintiff's own pleadings, it was in fact ASAs Janicki and McCarthy who initiated the criminal case against Plaintiff, not the former State's Attorney individually. Tellingly, Plaintiff accuses the former State's Attorney of being "deliberately indifferent to the rights of the Plaintiff by ***failing to act to avoid criminal prosecutions being instituted against the Plaintiff***" (dkt. 1, at ¶ 68), not that the former State's Attorney individually took action against Plaintiff. But even assuming *arguendo* that the former State's Attorney is alleged to have initiated the criminal case against the Plaintiff, the former State's Attorney's actions would unquestionably fall well within those functions performed in her role as the State's Attorney, "when and whether to prosecute" and therefore would be protected by absolute immunity. *See Imbler,* 424 U.S. at 431). A charging decision and subsequent prosecution by the former State's Attorney and her assistants would entitle them to prosecutorial immunity. Because the former State's Attorney is absolutely immune from suit for all actions and decisions in furtherance of her prosecutorial duties, the allegations against her should be dismissed.

### III. Plaintiff Has Failed to Allege a Due Process Claim That Is Plausible on Its Face.

Plaintiff's advances several theories of liability: (1) deprivation of liberty with probable cause; (2) failure to intervene; (3) conspiracy to violate constitutional rights; (4) malicious prosecution under state law; and (5) intentional infliction of emotional distress under state law. Even in the absence of prosecutor immunity, and assuming, *arguendo*, that Plaintiff has alleged specific allegation against the former State's Attorney (which he has not), he has nonetheless failed to adequately state a plausible due process claim and therefore the former State's Attorney should be dismissed as a party.

The former State's Attorney's alleged conduct is approving the filing of charges against Plaintiff and approving the presentation of the case against Plaintiff before the grand jury. (Dkt. 1, at ¶ 51). There are no facts (beyond conclusory statements) in the complaint asserting that the former State's Attorney knew there to be an absence of probable cause, that she was present for any interviews, spoke to any law enforcement officers, that it was the former State's Attorney herself who initiated charges, or that the former State's Attorney herself prosecuted Plaintiff. The complaint describes the conduct of ASAs Janicki and McCarthy in prosecuting Plaintiff but is silent as to the former State's Attorney individual conduct. The allegations here are woefully insufficient as they amount to nothing more than what is clearly prohibited: the threadbare recitals of elements of a cause of action. *Iqbal*, 566 U.S. at 678. Thus, if the Court, strips away the conclusory rhetoric, Counts II, IV, V, VII, and XI should be dismissed.

**WHEREFORE**, Defendant Kimberly M. Foxx respectfully requests that this Court dismiss Plaintiff's complaint in its entirety, with prejudice, decline supplemental jurisdiction of the remaining state law claims, and grant any further relief this Court deems just.

Dated:  December 3, 2024             Respectfully submitted,

**EILEEN O'NEILL BURKE**
State's Attorney of Cook County

*/s/ Miguel E. Larios*
Joseph A. Hodal
Miguel E. Larios
Cook County State's Attorney's Office
Civil Actions Bureau
50 West Washington Street, Fifth Floor
Chicago, Illinois 60602
joseph.hodal@cookcountysao.org
miguel.larios@cookcountysao.org
*Counsel for Cook County*