**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CHRISTOPHER LIAKOPOULOS, | ) | |
| | ) | |
| Plaintiff, | ) | 24 CV 07781 |
| v. | ) | |
| | ) | Hon. Jorge L. Alonso |
| EMMET WELCH, individually; | ) | |
| CITY OF CHICAGO, a municipal corporation; | ) | |
| KIM FOXX, individually; | ) | |
| ALYSSA JANICKI, individually; | ) | |
| LYNN McCARTHY, individually; and | ) | |
| THE COUNTY OF COOK, a municipal corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT SGT. WELCH AND DEFENDANT CITY'S MOTION TO DISMISS

Respectfully submitted,

MARY B. RICHARDSON-LOWRY,
Corporation Counsel of the City of Chicago

/s/ Anthony J. Masciopinto
Anthony J. Masciopinto
Natalie J. Smith
Special Assistant Corporation Counsel
KULWIN, MASCIOPINTO & KULWIN, LLP
161 N. Clark Street, Suite 2500
Chicago, Illinois 60601
T: 312.641.0300; F: 312.855.0350
amasciopinto@kmklawllp.com

*Attorneys for Defendant Emmet Welch*
*and Defendant City of Chicago*

Defendants Sgt. Welch and City of Chicago (collectively, "Defendants"), pursuant to Rule 12(b)(6), move this Court to dismiss Defendants from Plaintiff's Complaint with prejudice.

## I.  <u>INTRODUCTION</u>

Defendants, Sgt. Welch and City of Chicago ("City"), respectfully move this Court to dismiss them from Plaintiff's lawsuit with prejudice. Plaintiff Sgt. Liakopoulos brought this lawsuit after being acquitted of aggravated discharge of a firearm, aggravated battery, and official misconduct. Plaintiff has sued numerous parties, including Cook County State's Attorney ("CCSAO") Kim Foxx, CCSAO prosecutors, the County of Cook, Sgt. Welch, and the City.

This Court should dismiss Sgt. Welch and City with prejudice for numerous reasons. First, Plaintiff's Count III Fourteenth Amendment claim fails under clearly established precedent. Second, Plaintiff's Count III Fourth Amendment unreasonable detention/prosecution claim fails because Sgt. Welch was not the "but-for" cause of Plaintiff's prosecution. Alternatively, Sgt. Welch had probable cause to believe Plaintiff violated criminal law. Third, Sgt. Welch also is entitled to qualified immunity on Plaintiff's Count III claim based on the grand jury ("GJ") video exhibits referenced and relied upon in Plaintiff's Count III. Fourth, Plaintiff's remaining claims against Sgt. Welch fail on similar and additional grounds explained below. Therefore, for the foregoing and following reasons, this Court should dismiss Defendants with prejudice.

## II.  <u>FACTS</u>

A.    <u>Plaintiff's Civil Claims against the Parties after Acquittal.</u>

Plaintiff's civil lawsuit arises from his criminal prosecution for aggravated discharge of a firearm, aggravated battery, and official misconduct. Dkt. #1, ¶¶51-53. In September 2023, a Cook County judge acquitted Plaintiff. *Id.* ¶54. Thereafter, in August 2024, Plaintiff, a Chicago Police Department ("CPD") sergeant, sued four individuals, three from the CCSAO and one CPD sergeant. Dkt. #1, p.1. Defendants include: (1) CPD Sergeant Welch, (2) Cook County State's

Attorney, Kim Foxx, (3) Assistant Cook County State's Attorney ("ASA") Alyssa Janicki, (4) Supervisory ASA Lynn McCarthy, (5) Cook County, and (6) the City. *Id.*

Plaintiff Sgt. Liakopoulos' civil lawsuit consists of twelve counts, five against Sgt. Welch (Counts III-VI, VIII) and two against the City (Counts X-XI). These twelve counts are:

<u>Count I</u>. Count I alleges that Defendant ASA Janicki and Defendant Supervisory ASA McCarthy violated Plaintiff's Fourth and Fourteenth Amendment rights by causing Plaintiff's detention and prosecution without probable cause. Dkt. #1, ¶61;

<u>Count II</u>. Count II is identical to Count I but against State's Attorney Kim Foxx. *Id.* ¶69;

<u>Count III</u>. Count III is identical to Count I but against Defendant Sgt. Welch. *Id.* ¶84;

<u>Count IV</u>. Count IV alleges that the four individual defendants failed to intervene to prevent Plaintiff's Fourth and Fourteenth Amendment violation(s). *Id.* ¶87;

<u>Count V</u>. Count V alleges that the four individual defendants conspired to violate Plaintiff's Fourth and Fourteenth Amendment right(s). *Id.* ¶92;

<u>Count VI</u>. Count VI alleges that Defendant Sgt. Welch violated Plaintiff's state law right to be free from malicious prosecution. *Id.* ¶95;

<u>Count VII</u>. Count VII is an identical state law malicious prosecution claim against the CCSAO individual defendants. *Id.* ¶102;

<u>Count VIII</u>. Count VIII alleges that Sgt. Welch violated Plaintiff's state law right to be free from intentional infliction of emotional distress ("IIED"). *Id.* ¶109;

<u>Count IX</u>. Count IX is identical to Count VIII but against the CCSAO individuals. *Id.* ¶102;

<u>Counts X and XI</u>. Count X and XI allege that the City is liable for Sgt. Welch's alleged violation(s) of law under *Respondeat Superior* and/or indemnification. *Id.* ¶119 & 123; and

<u>Count XII</u>. Count XII alleges that Cook County is liable for the CCSAO individual defendant's alleged violation(s) of the law under principles of indemnification. *Id.* ¶127.

B.    <u>Plaintiff's Complaint Allegations: The Occurrence Leading to Criminal Charges</u>.

Plaintiff's criminal charges arose out of a July 22, 2022 occurrence. Dkt. #1, ¶10. On that morning, Plaintiff and another CPD officer were in an unmarked vehicle, driving to CPD's training academy. *Id.* ¶11-12. While doing so, Plaintiff stopped his vehicle to question individuals in front of a then-closed store near 1001 West 18th Street, Chicago, Illinois. *Id.* ¶10, 13-14. While doing

so, two other individuals, Miguel Medina and a juvenile ("AA"), approached from the rear of Plaintiff's vehicle. *Id.* ¶15-16. Plaintiff alleges he feared for his life because Medina and AA approached in an "aggressive manner," and AA had a weapon in his right hand. *Id.* ¶17-21.

Claiming he feared for his life, Plaintiff opened fire when Medina and AA were allegedly in "very close proximity to one another." *Id.* ¶21-22. The unarmed Medina suffered non-fatal gunshot wounds to his back and leg. *Id.* ¶18, 25. AA fled the scene and returned fire. *Id.* ¶28.

Four days later, CPD apprehended AA, the juvenile who possessed the firearm. Dkt. #1, ¶29. On July 26, 2022, the CCSAO approved attempted murder charges against AA. *Id.* However, the very next day, the CCSAO dismissed the criminal charges against AA. *Id.* ¶30.

C.     Plaintiff's Complaint Allegations: Plaintiff's Criminal Charges and Prosecution.

After the occurrence, the CCSAO's Law Enforcement Accountability Division ("LEAD") became "directly involved in the investigation" of the occurrence and shooting. Dkt. #1, ¶31. LEAD is the CCSAO division that "actively participates" and "advises law enforcement officials" in "investigations of officer-involved shootings." *Id.* ¶32. Thereafter, CCSAO LEAD ASAs participated in "multiple interviews," including Plaintiff, the passenger in his vehicle, and several eyewitnesses. *Id.* ¶33. Defendant ASA McCarthy was a CCSAO LEAD supervisor, and she: (1) participated in "interviewing various witnesses," (2) "advised" CPD in the investigation, including Sgt. Welch, (3) updated Defendant State's Attorney Foxx about the "progress and results" of the officers involved in the shooting investigation, and (4) sought and obtained "approval" from Defendant Foxx prior to charging Plaintiff. *Id.* ¶34-36, 39.

In the fall of 2022, the CCSAO approved felony charges against Plaintiff. Dkt. #1, ¶41, 51, 56-57. Specifically, on September 15, 2022, a criminal complaint charged Plaintiff with aggravated discharge of his firearm, aggravated battery, and official misconduct. *Id.* ¶41, 51. Shortly thereafter, in late October 2022, a GJ indicted Plaintiff on the same charges. *Id.* ¶50. With respect to the

3

criminal complaint, Plaintiff alleges that the individual defendants knew that there was "no probable cause for the arrest of Plaintiff" because they knew that Plaintiff was "legally justified in discharging his weapon in the direction of AA and Miguel Medina." *Id.* ¶58, 68, 75. With respect to his indictment, Plaintiff further claims that the individual defendants "prepared a misleading and inaccurate" "presentation of [grand jury] testimony," including that of Defendant Sgt. Welch, testifying "based on opinion and not scientific fact." *Id.* ¶43, 45, 49, 51.

One year later, in September 2023, Judge Flood presided over Plaintiff's bench trial. Dkt. #1, ¶54. The Court acquitted Plaintiff (and his passenger, who also discharged his service weapon). *Id.* Thereafter, in August 2024, Plaintiff (not his vehicle passenger) brought this civil lawsuit. Now, Sgt. Welch and the City respectfully move for dismissal of Plaintiff's Complaint, with prejudice.

## III.  RULE 12(B)(6) LEGAL STANDARD

Federal Rule 12(b)(6) requires dismissal if plaintiff fails to "state a claim upon which relief can be granted." FRCP 12(b)(6). To do so, the complaint must "contain sufficient factual matter" to state "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the "plaintiff pleads factual content" that allows the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In adjudicating a Rule 12(b)(6) motion, the court may consider facts from numerous sources. Courts can consider: (1) "facts set forth in the complaint," (2) exhibits "attached to" the complaint, and (3) exhibits (not attached to the complaint) but "directly referenced" in the complaint that are "central to the claim." *Curry v. Guzman*, 22 CV 757, 2024 WL 4027977, *2 (N.D. Ill.) (dismissing Fourth Amendment claim because exhibits "attached to and directly referenced" in complaint undermined plaintiff's allegation that defendants lacked probable cause to arrest); *see also Esco v. Chicago*, 107 4th 673, 678 (7th Cir. 2024) (affirming dismissal and reasoning that district courts "may examine exhibits, including video exhibits, attached to the

4

complaint, or referenced in the pleading if they are central to the claim"). A court may consider exhibits referred to in a complaint, even if not attached thereto, because a plaintiff cannot "evade" dismissal under Rule 12(b)(6) "simply by failing to attach to his complaint a document that proved that his claim had no merit." *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002).

Finally, in the Rule 12(b)(6) context, a court is not bound to accept as true unsupported conclusions of fact or legal conclusions couched as factual allegations. *Tillman v. Burge*, 813 F. Supp. 2d 946, 959 (N.D. Ill. 2011). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## IV. <u>LEGAL ARGUMENT</u>

A. <u>Count III: Plaintiff's Complaint Fails to State a Plausible Fourteenth Amendment Claim</u>.

This Court should dismiss Plaintiff's Fourteenth Amendment Count III claim because it fails to state a plausible claim as a matter of law. Dkt. #1, ¶84 (alleging that Sgt. Welch caused an unconstitutional deprivation of liberty prior to trial in violation of the Fourth and Fourteenth Amendment). The Fourth Amendment, not the Fourteenth Amendment, is the appropriate constitutional basis for alleging an unreasonable deprivation of liberty or malicious prosecution claim. *Lewis v. Chicago*, 914 F.3d 472, 475 (7th Cir. 2019) ("the Fourth Amendment, not the Due Process Clause, governs a claim for wrongful pretrial detention"); *Shinaul v. Chicago*, 22 CV 07287, 2024 WL 36981, *2 (N.D. Ill.) (dismissal granted because the "Fourth Amendment governs pretrial detention claims, not the Due Process Clause"); *Mack v. Chicago*, 2023 WL 4744791, *14 (N.D. Ill.) (Fourteenth Amendment claim "fail[s] when the defendant is acquitted at trial and fails to allege any post-deprivation of liberty" because an unlawful pretrial detention claim "rests exclusively on the Fourth Amendment"); *Gardley v. Chicago*, 20 CV 5149, 2022 WL 6757610, *6 (2022) (same). Thus, Plaintiff's Fourteenth Amendment Count III claim fails as a matter of law.

B. <u>Count III: Plaintiff's Fourth Amendment Claim against Defendant Sgt. Welch Also Fails</u>.

Plaintiff's Count III Fourth Amendment claim also fails because Plaintiff's Complaint establishes that Defendant Sgt. Welch was not the "but-for" cause of Plaintiff's prosecution and, alternatively, Defendant Sgt. Welch had probable cause to believe Plaintiff violated criminal law. Dkt. #1, ¶84. To prevail on his Fourth Amendment claim, Plaintiff must allege, among other elements, that Sgt. Welch: (1) lacked probable cause to believe that Plaintiff violated the law, and (2) was the "but-for" cause of Plaintiff being detained/charged. *E.g.*, *Washington v. Chicago*, 98 F.4th 860, 869 (7th Cir. 2024) (Fourth Amendment claim arises when a defendant "causes" detention "without probable cause"). Thus, Plaintiff's Fourth Amendment claim must be dismissed if Sgt. Welch had probable cause *or* did not "cause" Plaintiff's detention/charges. *E.g.*, *Curry v. Guzman*, 22 CV 757, 2024 WL 4027977, *2 (N.D. Ill.) (if defendant had probable cause to detain, plaintiff "does not have a viable Fourth Amendment claim"); *see also Washington*, 98 F.4th at 864, 873-74 (affirming summary judgment on Fourth Amendment pretrial detention claim, in part, because defendant officers were not the "but-for" cause of the "judicial determinations of probable cause" to detain plaintiff in light of CCSAO's "independent investigation into the facts before approving charges and presenting the case to the bail courts and grand jury").

As to this probable cause element, the definition of probable cause is well established. Probable cause exists if the "totality of the facts and circumstances known to the officer at the time of the arrest" would warrant a "reasonable, prudent person in believing that the arrestee had committed, was committing, or was about to commit a crime." *Curry v. Guzman*, 22 CV 757, 2024 WL 4027977, *2 (N.D. Ill.) (citation omitted). A "reasonably credible" single witness or victim "alone generally is sufficient to establish probable cause." *Curry*, 22 CV 757, 2024 WL 4027977, at *3 (citing *Woods v. Chicago*, 234 F.3d 979, 987 (7th Cir. 2000).

Courts assess probable cause not as an "omniscient observer" but as a "reasonable person in the position of the arresting officer—seeing what he saw, hearing what he heard." *Wollin v.*

6

*Gondert,* 192 F.3d 616, 623 (7th Cir.1999) (objective test for a reasonable person rests on "factual and practical considerations of everyday life"). Probable cause deals "not with hard certainties but with probabilities." *Abbott v. Sangamon Cnty.*, 705 F.3d 706, 714 (7th Cir. 2013). The officer's belief need not be "correct" or even "more likely true than false," as long as it is reasonable. *Wollin,* 192 F.3d at 623. The officer "must have more than a bare suspicion," but "need not have enough evidence to support a conviction." *Robinson v. Bandy*, 2012 WL 1015925, at *4 (N.D. Ill. Mar. 22, 2012), *aff'd*, 524 F. App'x 302 (7th Cir. 2013); *see also Qian v. Kautz,* 168 F.3d 949, 954 (7th Cir. 1999) (probable cause established for DUI arrest when plaintiff was slumped over steering wheel and had difficulty walking, but subdural hematoma was later determined).

A plaintiff may "plead himself out of court" if his complaint establishes the existence of probable cause. *E.g.*, *Calderon v. Bridgeview*, No. 18 CV 8277, 2020 WL 113252, *2-3 (N.D. Ill.) (granting motion to dismiss Fourth Amendment false arrest claim where plaintiff pled himself out of court by alleging that officer relied on two eyewitness accounts and did not "plausibly allege" that the defendant officer "should have doubted those firsthand accounts"); *Curry*, 22 CV 757, 2024 WL 4027977, at *2-4 (dismissing plaintiff's Fourth Amendment claim because plaintiff "pled himself out of court" by failing to adequately allege a lack of probable cause).

If a GJ has returned an indictment, additional probable cause legal principles apply. A previous judicial determination of probable cause, like a GJ indictment, is entitled to a presumption of probable cause. *Washington*, 98 F.4th at 869-870; *Coleman v. Peoria*, 925 F.3d 336, 351 (7th Cir. 2019) ("an indictment is *prima facie* evidence of probable cause"). Plaintiff can rebut this presumption by establishing that: (1) the defendant officer "knowingly or intentionally, or with reckless disregard for the truth," made "false statements" to the grand jury, and (2) that the officer's false statements were "necessary to" (*i.e.*, the "but-for cause" for) the grand jury's determination that probable cause existed for charging. *Washington*, 98 F.4th at 870, 873 (describing the inquiry

as to whether the defendant officer's intentionally false statements and misleading omissions were collectively a "but-for cause" of the grand jury's probable cause determination).

Here, applying the foregoing legal principles, this Court should dismiss with prejudice Plaintiff's Fourth Amendment claim against Sgt. Welch for three reasons, as explained below.

(1) *Sgt. Welch Was Not the But-For Cause of Plaintiff's Pretrial Detention/Charges*

First, Plaintiff has "pled himself out of court," because Plaintiff's Complaint establishes that Defendant Sgt. Welch was not the "but-for" cause of Plaintiff being criminally charged, initially, in Plaintiff's criminal complaint and, later, via GJ indictment. The Seventh Circuit's reasoning in *Washington* is instructive and directly applicable:

> "First, plaintiffs fail to overcome the ***causation problem posed by [the] prosecutors' own factual investigation*** in this case. Because the State's Attorney's Office ***did an independent investigation into the facts before approving charges and presenting the case to the bail courts and the grand jury***, any misstatements and/or omissions by the defendant detectives regarding those same facts ***were not necessary to the judicial determinations of probable cause***."

*Washington*, 98 F.4th at 873 (emphasis added). This causation requirement ensures that only an individual who is responsible for an unconstitutional act is held personally liable. *Id.* at 870.

Applying this *Washington* precedent and reasoning, this Court should dismiss Plaintiff's Count III because Plaintiff's Complaint is replete with averments that the CCSAO defendants independently investigated and authorized Plaintiff's criminal charges. For instance, Plaintiff avers that: (1) the CCSAO's LEAD Division was "directly involved in the investigation" of the officer-involved shooting (Dkt. #1, ¶31); (2) Defendant ASA Janicki was "directly involved in the law enforcement investigation" that "preceded criminal charges" being brought (*Id.* ¶56), including participating in multiple interviews of individuals and "advising" CPD investigators (*Id.* ¶37-38); (3) Defendant Supervisory ASA McCarthy was "directly involved in the law enforcement investigation" that "preceded criminal charges" being brought (*Id.* ¶34-35, 57), including conducting "multiple interviews" of individuals (*Id.* ¶33-34, 36); (4) as "investigators in gathering

8

the facts," Defendant ASA Janicki and Defendant Supervisory ASA McCarthy knew that there was "no probable cause for the arrest of Plaintiff because Plaintiff was legally justified in discharging his weapon" (*Id.* ¶58); (5) after the CCSAO's charging decision, Defendant ASA Janicki and Defendant Supervisory ASA McCarthy "willfully presented deceptive and misleading evidence to the Grand Jury" to secure an indictment (*Id.* ¶60); and (6) Defendant State's Attorney Foxx initially "approved the filing of the charges" against Plaintiff and, later, "approved the presentation" to the GJ (*Id.* ¶35, 51). Based on the foregoing, Plaintiff's own allegations establish as a matter of law that the CCSAO was the "but-for" cause of Plaintiff's charges and detention, not Sgt. Welch, thereby defeating a claim against him for personal liability. *See Washington*, 98 F.4th at 873-874 (affirming summary judgment on Fourth Amendment claim, in part, because detectives were not the "but-for" cause of Plaintiff's detention where the CCSAO "conducted its own independent fact-gathering before filing charges, rather than relying on the allegedly misleading statements of the defendant detectives"). Thus, because Sgt. Welch did not cause Plaintiff's detention or prosecution, Plaintiff's Count III Fourth Amendment claim fails, requiring his dismissal.

(2) *Sgt. Welch Had Probable Cause to Believe Plaintiff Violated Illinois Law*

Second, and in the alternative, Plaintiff also has "pled himself out of court" because Plaintiff's Complaint, including exhibits referenced therein and central to Plaintiff's Fourth Amendment claim, establishes that Sgt. Welch had probable cause to believe that Plaintiff unlawfully discharged his firearm. Plaintiff's Complaint repeatedly references Sgt. Welch's GJ testimony, which is central to Plaintiff's Fourth Amendment claim. *E.g.*, Dkt. #1, ¶43-45, 49-51, 60, 75-80. Indeed, Plaintiff alleges that the "GJ would not have returned a True Bill of Indictment" had Sgt. Welch provided "forthright, non-deceptive" GJ testimony. *Id.* ¶80 (Count III).

Based on Plaintiff's repeated reference and heavy reliance on Sgt. Welch's GJ testimony to support his Fourth Amendment Count III claim, this Court should, in adjudicating this dismissal

motion, review Defendant Sgt. Welch's GJ testimony and exhibits. *See Esco*, 107 F.4th at 678-81 (in adjudicating dismissal motion, court could view and consider body-worn camera video that Plaintiff referenced in his complaint (but did not attach to it) because a complaint "that contradicts uncontroverted video is not plausible"); *Curry*, 22 CV 757, 2024 WL 4027977, *2 (N.D. Ill.) (dismissing Fourth Amendment claim because exhibits "attached to and directly referenced" in complaint undermined plaintiff's allegation that defendants lacked probable cause to arrest); *Hyung Seok Koh v. Graf*, 11 CV 02605, 2013 WL 5348326, *9-10 (N.D. Ill.) (in adjudicating a motion to dismiss, court considered videotape of interrogation to adjudicate Fifth Amendment coerced confession claim because video provided the totality of the interrogation, including defendant's precise conduct that plaintiff placed at issue). ██████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

This Court should dismiss Plaintiff's Count III claim because these GJ materials establish that Sgt. Welch had *at least* probable cause to believe that Plaintiff shot the unarmed Medina without legal justification. ████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

---

[1] The CCSAO produced the GJ transcript (Ex. 4) without the corresponding GJ exhibits, representing that the GJ exhibits could not be located. For this motion to dismiss, the undersigned recreated the identical GJ exhibits by ████████████████████████████████████████████████████████████

███████████████████████████████████████

█████████████████████████████████

Before concluding his GJ testimony, ████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████████ Accordingly, ████████████

████████████████████ Plaintiff has "pled himself out of court," because Defendant Sgt. Welch had at least probable cause (*i.e.*, "more than a bare suspicion") that Plaintiff unlawfully discharged his weapon at the unarmed Medina, thereby obviating any Fourth Amendment claim.

This Court should reject Plaintiff's argument that Sgt. Welch lacked probable cause because Plaintiff feared for his life when he discharged his weapon. In assessing probable cause, police may discount, and/or disregard, a suspect's denials and/or exculpatory statements. *See Spiegel v. Cortese*, 196 F.3d 717, 724 (7th Cir. 1999) ("Many putative defendants protest their innocence, and it is not the responsibility of law enforcement officials to test such claims once probable cause has been established"); *Washington*, 98 F.4th 860, 875-876 (7th Cir. 2024) (holding that officers were entitled to disregard suspects' denials of striking victim on the back of his head where suspects had been lying in their initial interrogations). Thus, this court should reject Plaintiff's argument that Sgt. Welch lacked probable cause because Plaintiff claimed in pre-charging interviews that he was justified in discharging his weapon.

(3) *Sgt. Welch Is Entitled to Qualified Immunity Based on the GJ Video Exhibits*

Third and alternatively, this Court should dismiss Plaintiff's Fourth Amendment Count III claim based on qualified immunity. Qualified immunity insulates an officer from suit unless he violates a "clearly established" statutory or constitutional right. *Ashcroft v. al-Kidd,* 563 U.S. 731, 735 (2011). To be "clearly established," the right must be sufficiently clear that "every reasonable official would [understand] what he is doing violates that right." *Id.* at 741. It is not enough that a right is clearly established in a general sense; rather, plaintiff must show that the law was clear "in relation to the specific facts confronting the public official when he acted." *Volkman v. Ryker*, 736 F.3d 1084, 1090 (7th Cir. 2013). Stated another way, "existing precedent must have placed the statutory or constitutional question beyond debate." *al-Kidd,* 563 U.S. at 741. Plaintiff bears the burden of defeating qualified immunity. *Hunter v. Bryant*, 502 U.S. 224, 228 (1991).

While the above-referenced probable cause standard "inherently allows room for reasonable mistakes," qualified immunity affords an "added layer of protection," often termed "arguable probable cause." *Abbott*, 705 F.3d at 714-15. "Arguable probable cause" protects an officer who reasonably, but mistakenly, believes that probable cause exists. *Id.*; *Fleming v. Livingston Cty.*, 674 F.3d 874, 880 (7th Cir. 2012). Arguable probable cause is established when a "reasonable police officer in the same circumstances and with the same knowledge and possessing the same knowledge" as the defendant "*could* have reasonably believed that probable cause existed in light of well-established law." *Fleming*, 674 F.3d at 880. As such, qualified immunity "gives ample room for mistaken judgment" by protecting "all but the plainly incompetent or those who knowingly violate the law." *Hunter*, 502 U.S. at 229 (citations omitted).

In sum, detention supported by "arguable probable cause" is constitutional. *Abbott*, 705 F.3d at 715. To overcome such a claim, a plaintiff must: (1) identify closely analogous cases which establish that probable cause was not present, or (2) show it was "obvious" that his conduct did not

support probable cause. *Brokaw v. Mercer Cnty.,* 235 F.3d 1000, 1022 (7th Cir. 2000).

Here, applying these principles, Sgt. Welch is entitled to qualified immunity on Plaintiff's Count III based on the ███████████ As explained above, ████████████████████ establish that a reasonable officer "*could* have reasonably believed that probable cause existed," even if mistaken. *Fleming*, 674 F.3d at 880. Such a determination could not be labeled "plainly incompetent" or in "knowing violation of the law." *Hunter*, 502 U.S. at 229. In addition, Plaintiff cannot point to any analogous case that alerted Sgt. Welch to the absence of probable cause here. *See Humphrey v. Staszak,* 148 F.3d 719, 725 (7th Cir. 1998) (immunity applies if "arguable" probable cause is present). Thus, qualified immunity also bars Count III.

C.     Count VI: Plaintiff's Malicious Prosecution Claim Fails to State a Plausible Claim.

This Court also should dismiss Plaintiff's state law malicious prosecution Count VI claim against Sgt. Welch. Illinois law disfavors malicious prosecution claims. *Holt v. Chicago*, 2022 IL App. (1st), 220400, ¶67. To prevail on Count VI, Plaintiff must establish that: (1) Sgt. Welch commenced a criminal proceeding against Plaintiff; (2) the proceeding terminated in favor of Plaintiff; (3) Sgt. Welch lacked probable cause to commence the proceeding; (4) Sgt. Welch acted with malice; and (5) damages resulted therefrom. *Id.*

Here, this Court should dismiss Plaintiff's state law malicious prosecution Count VI claim for three reasons. First, Sgt. Welch had probable cause to believe Plaintiff violated the law based on the ██████████, as argued and established above. *Id.* ¶68 (claim fails if there was probable cause to institute charges). Second, the CCSAO (not Sgt. Welch) "caused" the commencement of Plaintiff's criminal proceeding, also as established above. *Id.* ¶67 (criminal proceeding must be commenced "by the defendant"); *see also Kelly v. Lemont*, 2021 WL 5493227, at *5 (N.D. Ill. Nov. 23, 2021) (GJ indictment "defeats" a malicious prosecution claim against a police officer because it "breaks the chain of causation," unless officer played a "significant role in causing the

13

commencement" of criminal proceedings). Third, the ████████████ further establish the absence of malice by Sgt. Welch. *Id.* ¶89-90 (jury could not infer malice, in part, because probable cause existed). Moreover, Plaintiff's allegations of malice amount to "mere conclusory statements" and "threadbare recitals of the elements of a cause of action" (Dkt. #1, ¶97), which do not suffice. *Tillman*, 813 F. Supp. 2d at 959. Thus, this Court should dismiss Plaintiff's Count VI claim.

D.     Count IV-V: Failure to Intervene & Conspiracy Claims Fail to State a Plausible Claim.

This Court also should dismiss Count IV (Failure to Intervene) and Count V (Civil Rights Conspiracy) against Sgt. Welch. First, Plaintiff fails to plead a viable underlying substantive Fourth or Fourteenth Amendment violation, as explained above, which is dispositive. *Rosado v. Gonzalez*, 832 F.3d 714, 718 (7th Cir. 2016) (for there to be a failure to intervene claim, "there must exist an underlying constitutional violation."); *Reynolds v. Jamison,* 488 F.3d 756, 764 & n.4 (7th Cir. 2007) (§1983 conspiracy claim depends upon viability of underlying constitutional claim). Indeed, Plaintiff appears to premise his Count IV and V claims on an alleged agreement to present "misleading and inaccurate" grand jury testimony (Dkt. #1, ¶45, ¶92), which did not occur because ████████████████████████████.

Second, Plaintiff's Count V conspiracy count fails as wholly conclusory and speculative, lacking the requisite specificity (Dkt. #1, ¶45, ¶92). *See Eason v. Raoul*, 2023 WL 6174415, *1 (7th Cir. 2023) (affirming dismissal of conspiracy claim because "complaint lacks any suggestion, beyond bare conclusions, that the disparate array of defendants was joined in a conspiracy") (citing *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009)). Third, Plaintiff's Count IV also fails because there is no basis in the Constitution, Supreme Court precedent, or §1983 for such a claim, because it imposes vicarious liability for inaction. *Mwangangi v. Neilsen*, 48 F.4th 816, 834-35 (7th Cir. 2022) (Easterbrook, J., concurring) (failure to intervene claim "sounds like vicarious liability," contrary to established law). Thus, this Court also should dismiss Counts IV and V.

E.    Count VIII: Plaintiff's Intentional Infliction Claim Fails to State a Plausible Claim.

This Court also should dismiss Count VIII's claim for IIED against Sgt. Welch. To prevail, Plaintiff must establish that Sgt. Welch: (1) engaged in "truly extreme and outrageous" conduct; (2) knew that there was at least a high probability that his conduct would cause severe emotional distress; and (3) caused Plaintiff to, in fact, suffer severe emotional distress. *Feltmeier v. Feltmeier*, 207 Ill. 2d 263, 268-269 (2003).

Here, Plaintiff has not pled the elements of a viable IIED Count against Sgt. Welch. First, Sgt. Welch did not engage in "truly extreme and outrageous" conduct because ████████████ provided probable cause, as argued and established above. *See Larsen v. Elk Grove*, 433 Fed. Appx. 470, 474 (7th Cir. 2011) (arrest supported by probable cause could not be extreme and outrageous); *Andersen v. Glenview*, 17 CV 5761, 2019 WL 4261186, *6 (ND. Ill. 2019) ("Lawfully pursuing criminal charges falls short" of IIED). Second, Sgt. Welch did not "cause" Plaintiff's alleged severe emotional distress because the CCSAO independently investigated and approved Plaintiff's charges, as argued and established above. Thus, this Court should dismiss Plaintiff's Count VIII

F.    Count X-XI: The Claims against the Defendant City Fail to State a Plausible Claim.

This Court also should dismiss Plaintiff's derivative claims against the City, Count X (*Respondeat Superior*) and Count XI (Indemnity). Because Plaintiff presents no viable underlying substantive claim against Sgt. Welch, Count X and Count XI against the City fail as a matter of law. *See Walker v. White*, 2021 WL 1058096, *17 (N.D. Ill.).

## V.    CONCLUSION

WHEREFORE, Defendants respectfully move this Court to dismiss with prejudice Plaintiff's claims against Sgt. Welch and the City, including counts III-VI, VIII, and X-XI.

15

## <u>CERTIFICATE OF SERVICE</u>

I, Anthony J. Masciopinto, an attorney, hereby certify that I caused the above

**DEFENDANT WELCH AND DEFENDANT CITY'S MOTION TO DISMISS** to be served

upon all counsel of record via ECF Filing on January 24, 2024.


By:  */s/ Anthony J. Masciopinto*
        Anthony J. Masciopinto

16