**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Christopher Liakopoulos, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 24 C 7781 |
| | ) | |
| Emmet Welch, City of Chicago, Kim Foxx, | ) | Judge Jorge L. Alonso |
| Alyssa Janicki, Lynn McCarthy, and | ) | |
| The County of Cook. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Christopher Liakopoulos alleges that Defendants violated his constitutional rights by bringing criminal charges against him despite the absence of probable cause. Defendants move to dismiss. As stated below, Defendants' motions are granted in part and denied in part.

### Legal Standard

A Rule 12(b)(6) motion "tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). A complaint must provide "a short and plain statement of the claim" and must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (citations omitted). Facial plausibility exists when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. In deciding a motion to dismiss, the Court "accept[s] the well-pleaded facts in the complaint as true and draw[s] reasonable inferences in the plaintiff's favor." *Esco v. City of Chicago*, 107 F.4th 673, 678 (7th Cir. 2024).

**Background**

On July 22, 2022, Plaintiff Christopher Liakopoulos was on duty as a Chicago Police Officer. R. 1 ¶¶ 10–11. On that day, Plaintiff was driving an unmarked police vehicle and Officer Ruben Reynoso was in the passenger seat. *Id.* Plaintiff and Reynoso observed several individuals engaging in suspicious activity on the sidewalk and they stopped driving to speak with these individuals. *Id.* ¶¶ 13–14. As Plaintiff and Reynoso were speaking with the individuals, they were approached by two other individuals—A.A. (a minor) and Miguel Medina. *Id.* ¶ 15. A.A. was wearing a face mask and carrying a firearm, which was pointed in the direction of the police vehicle. *Id.* ¶¶ 18. As alleged, Plaintiff and Reynoso discharged their weapons within "split seconds" of observing A.A.'s gun and both Plaintiff and Reynoso were "in fear for their lives" at the time that they discharged their weapons. *Id.* ¶¶ 23–24. A.A. also discharged his weapon, firing at Reynoso and Plaintiff, and then ran from the scene without injury. *Id.* ¶¶ 27–28. Medina sustained non-fatal gunshot injuries. *Id.* ¶ 25.

Following this incident, the Law Enforcement Accountability Division (LEAD) of the Cook County State's Attorney's Office opened an investigation. *Id.* ¶ 31. Chicago Police Officer Emmet Welch and Cook County Assistant State's Attorneys Lynn McCarthy and Alyssa Janicki participated in the investigation by interviewing witnesses and gathering information. *Id.* ¶¶ 34–39. McCarthy reported to Cook County State's Attorney Kim Foxx and procured approval from Foxx to bring charges. *Id.* ¶ 35. As alleged, Welch "reported to other Chicago Police officials that [Plaintiff had been] in fear for [his] life" when he discharged his weapon. *Id.* ¶ 41. Also as alleged, McCarthy and Janicki knew that there was no probable cause for the arrest of Plaintiff because they "knew that Plaintiff was legally justified in discharging his weapon" based on the "facts and information gathered by the investigation." *Id.* ¶ 58.

2

Following the investigation, in September 2022, Plaintiff was charged in a criminal complaint with aggravated battery, aggravated discharge, and official misconduct. *Id.* ¶ 41. In October 2022, Plaintiff was indicted by a Grand Jury. *Id.* ¶ 50. Plaintiff alleges generally that Welch, McCarthy and Janicki "conspired in the preparation and presentation of testimony that was misleading and inaccurate" to the Grand Jury, and that Foxx approved the presentation of the case. *Id.* ¶¶ 45, 51. Specifically, Plaintiff alleges that Defendants were in possession of video evidence taken from Miguel Medina's cell phone, and that Defendants withheld these videos from the Grand Jury. *Id.* ¶¶ 46–49. Plaintiff also alleges that when Welch testified before the Grand Jury, he failed to advise the Grand Jury of exculpatory facts, for example, Welch's belief that Plaintiff had reasonable justification to discharge his firearm. *Id.* ¶ 78. Following the indictment and subsequent arrest, Plaintiff was relieved of his duties in the Chicago Police Department. *Id.* ¶ 53. In September 2023, Plaintiff was found not guilty following a bench trial. *Id.* ¶ 54. This lawsuit followed.

The Complaint contains the following counts:

1. Deprivation of Liberty without Probable Cause, § 1983 – against Janicki, McCarthy
2. Deprivation of Liberty without Probable Cause, § 1983 – against Foxx
3. Deprivation of Liberty without Probable Cause, § 1983 – against Welch
4. Failure to Intervene, § 1983 – against Welch, Janicki, McCarthy, Foxx
5. Conspiracy to Violate Rights, § 1983 – against Welch, Janicki, McCarthy, Foxx
6. Illinois Malicious Prosecution – against Welch
7. Illinois Malicious Prosecution – against Janicki, McCarthy, Foxx
8. Illinois Intentional Infliction of Emotion Distress – against Welch
9. Illinois Intentional Infliction of Emotion Distress – against McCarthy, Janicki, Foxx
10. Illinois Respondeat Superior – against City of Chicago (regarding Welch's actions)
11. Illinois Indemnification – against City of Chicago (indemnifying Welch)
12. Illinois Indemnification – against County of Cook (indemnifying Foxx, McCarthy, Janicki)

Foxx moves to dismiss at R. 10, Welch and the City of Chicago move to dismiss at R. 28, and McCarthy and Janicki move to dismiss at R. 37.

**Discussion**

I.   **Prosecutorial Immunity for Foxx, McCarthy, and Janicki**

"A prosecutor is absolutely immune from suit for all actions and decisions undertaken in furtherance of his prosecutorial duties." *Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012). This includes the prosecutor's "decision to indict or try a case." *Id.* This also includes decisions about how to present the case. *Imbler v. Patchman,* 424 U.S. 409, 431 (1976). Absolute immunity "shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Smith v. Power,* 346 F. 3d. 740, 742 (7th Cir. 2003) (citations omitted). "Nevertheless, a prosecutor has job responsibilities that are not prosecutorial in nature." *Fields*, 672 F.3d at 511. While a prosecutor has absolutely immunity for acts that are prosecutorial in nature such as preparing for and conducting trials, a prosecutor has only qualified immunity for acts that are investigative in nature such as "searching for the clues and corroboration that might [provide] probable cause to recommend that a suspect be arrested." *Id.*

Foxx, McCarthy, and Janicki contend they are entitled to absolute immunity. R. 10 at 7; R. 38 at 7. Plaintiff argues that they are only entitled to qualified immunity because they were engaged in investigative acts as part of this case. R. 21 at 7. It is true that as alleged, McCarthy and Janicki participated in the investigation and that Foxx supervised. Critically, however, Plaintiff does not allege any wrongdoing related to the investigation itself—for example, related to the way in which they searched for evidence. The alleged wrongs by the prosecutors are as follows: (1) deciding to indict the case even though, as alleged, they knew Plaintiff's act had been legally justified; (2) conspiring to present inaccurate testimony to the Grand Jury; and (3) withholding Medina's cell phone videos from the Grand Jury. Such actions are clearly within the scope of Foxx, McCarthy, and Janicki's prosecutorial functions. *See Wilson v. Illinois Dep't of Fin. & Pro. Regul.*,

4

376 F. Supp. 3d 849, 862 (N.D. Ill. 2019) (citations omitted) ("Protected conduct includes, but is not limited to, a prosecutor's acting as an advocate for the State, preparing to initiate a judicial proceeding, appearing in court to present evidence, and determining what evidence is sufficiently strong to justify a probable-cause finding.").

For this reason, the Court grants Foxx's motion to dismiss at R. 10 and McCarthy and Janicki's motion to dismiss at R. 38. Counts 1, 2, 7, 9, and 12 are dismissed in full. Foxx, McCarthy, and Janicki are dismissed as Defendants from Counts 4 and 5.

## II. Claims against Welch

### A. Count 3: Deprivation of Liberty without Probable Cause[1]

As a threshold issue, Welch is a police officer entitled to qualified immunity insofar as his conduct did not violate a "clearly established statutory or constitutional right[]." *Smith v. City of Chicago*, 242 F.3d 737, 742 (7th Cir. 2001). In the context of probable cause, qualified immunity bars recovery against Welch if Welch "reasonably but mistakenly believe[d] that probable cause exist[ed]" when he testified before the Grand Jury. *Abbott v. Sangamon Cnty., Ill.*, 705 F.3d 706, 715 (7th Cir. 2013). As relevant, an officer such as Plaintiff is justified in the use of deadly force when he reasonably believes that his life is being threatened. *Sherrod v. Berry*, 856 F.2d 802, 807 (7th Cir. 1988). Here, the question is thus whether Welch had a reasonable belief that Plaintiff discharged his weapon without legal justification. As alleged, Welch "reported to other Chicago Police officials that [Plaintiff had been] in fear for [his] life" when he discharged his weapon. In

---

[1] Plaintiff brings this claim under both the Fourth and Fourteenth Amendments. For pre-trial detention claims, however, the Fourth Amendment is the proper vehicle rather than the Fourteenth Amendment. *See Mack v. City of Chicago*, 2023 WL 4744791, at *14 (N.D. Ill. July 25, 2023) (citing *Lewis v. City of Chicago*, 914 F.3d 472, 478 (7th Cir. 2019)) ("[W]rongful pretrial detention claims brought under the Fourteenth Amendment fail when the defendant is acquitted at trial and fails to allege any post-trial deprivation of liberty" because "'a § 1983 claim for unlawful pretrial detention rests exclusively on the Fourth Amendment.'"). For this reason, Plaintiff's Fourteenth Amendment claim is dismissed.

deciding a motion to dismiss, the Court must accept the well-pleaded facts in the complaint as true and draw reasonable inferences in Plaintiff's favor. Based on the allegation of Welch's report to other Chicago Police officials, the Court reasonably infers that Welch *actually believed* that Plaintiff was in fear for his life and in turn that Plaintiff had legal justification to discharge his weapon. Despite this belief, Welch testified to the contrary. Welch is thus not protected by qualified immunity.

The Court turns now to the underlying claim. Because the Grand Jury returned the indictment, this constituted a judicial determination of probable cause and thus establishes a presumption that the probable cause was valid. *Washington v. City of Chicago*, 98 F.4th 860, 870 (7th Cir. 2024). To overcome that presumption, Plaintiff must allege: (1) that the defendant officer knowingly or intentionally or with a reckless disregard for the truth, made false statements to the grand jury; and (2) that the false statements were necessary to the grand jury's determination that probable cause existed for indictment. *Id.* As noted above, although Welch (allegedly) actually believed that Plaintiff had legal justification to discharge his weapon, Welch still testified to the opposite. As alleged, this is sufficient to meet the first element that Welch knowingly made false statements. And given Welch's centrality as a witness, it's certainly possible that Welch's testimony was necessary to the Grand Jury's determination. Drawing all reasonable inferences in Plaintiff's favor, the Court finds that the second element is also met. For these reasons, the Court denies Welch's motion to dismiss with regard to Plaintiff's Fourth Amendment claim for deprivation of liberty without probable cause.[2]

---

[2] As to Count 4 (Failure to Intervene) and regarding the derivative claims against the City of Chicago—Count 10 (Respondeat Superior) and Count 11 (Indemnification)—Welch argues these Counts should be dismissed because there is no underlying substantive Fourth Amendment violation. R. 28 at 15–16. Because the Court denies Welch's motion to dismiss on Count 3, Welch's argument regarding Counts 4, 10, and 11 is moot. The Court thus denies Welch's motion to dismiss on Counts 4, 10, and 11.

B. **Count 5: Conspiracy to Violate Constitutional Rights**

Welch raises a one-sentence perfunctory argument that Count 5 should be dismissed because it is "wholly conclusory and speculative." R. 28 at 15. Yet on the same page of the brief, Welch concedes that Count V is based on an "alleged agreement to present misleading and inaccurate grand jury testimony." *Id.* "The Seventh Circuit has repeatedly stressed that it is not the obligation of the court to research and construct the legal arguments available to parties, and that perfunctory and undeveloped arguments . . . are waived." *Thakore v. Universal Mach. Co. of Pottstown*, 670 F. Supp. 2d 705, 716 (N.D. Ill. 2009) (collecting cases). Because Welch failed to adequately develop this argument, Welch's motion to dismiss is denied on Count 5.

C. **Count 6: Malicious Prosecution**

To allege a claim for malicious prosecution under Illinois law, a plaintiff must allege the following elements: (1) the commencement or continuation of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) malice; and (5) damages. *Holt v. City of Chicago*, 2022 IL App (1st) 220400, ¶ 67. As alleged, the investigation was commenced by LEAD and the decision to bring charges was made by LEAD, not by Welch. Plaintiff is thus unable to satisfy the first element. For this reason, Count 6 is dismissed.

D. **Count 8: Intentional Infliction of Emotional Distress**

To allege a claim for intentional infliction of emotional distress under Illinois, a plaintiff must allege the following elements: (1) the defendant engaged in truly extreme and outrageous conduct; (2) the defendant either intended to cause severe emotional distress or knew that there was at least a high probability that his conduct would cause severe emotional distress; and (3) the conduct caused Plaintiff to, in fact, suffer severe emotional distress. *Feltmeier v. Feltmeier*, 207

7

Ill. 2d 263, 268–69 (2003). Welch argues that this count should be dismissed because "an officers' actions to secure [an] arrest based on probable cause [are] not extreme or outrageous." R. 28 at 16 (citing *Larsen v. Elk Grove*, 433 Fed. Appx. 470, 474 (7th Cir. 2011)). But as discussed above, Welch (allegedly) actually believed there was no probable cause. For this reason, Welch's argument fails and the motion to dismiss is denied as to Count 8.

## Conclusion

Foxx's motion to dismiss [10] and McCarthy and Janicki's motion to dismiss [37] are granted in full. Counts 1, 2, 7, 9, and 12 are thus dismissed. Welch's motion to dismiss [28] is denied in part (with respect to the Fourth Amendment claim of Count 3, Count 4, Count 5, Count 8, Count 10, and Count 11) and granted in part (the Fourteenth Amendment claim of Count 3 and Count 6 are dismissed). Status hearing is set for 7/24/2025 at 9:30 a.m.

**SO ORDERED.**                                                       **ENTERED: July 11, 2025**

**HON. JORGE L. ALONSO**
**United States District Judge**